**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL TODD PANELLA,

              Petitioner - Appellant,

  v.

JOHN MARSHALL, Warden,

              Respondent - Appellee.

No. 09-17302

D.C. No. 1:06-cv-00795-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

California state prisoner Michael Panella appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

U.S.C. § 2253. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We affirm.

Panella first claims that he was denied due process on the basis of prosecutorial misconduct. At trial, two government witnesses who had charges pending on other matters at the time they gave their testimony denied being motivated to testify by an expectation of leniency. Panella claims that the prosecution failed to meet two constitutional obligations with respect to this testimony: (1) the duty under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose the existence of a secret deal for leniency between the prosecution and the witnesses; and (2) the duty under *Napue v. Illinois*, 360 U.S. 264 (1959), to correct the false testimony that the witnesses were not motivated by the expectation of leniency. The district court did not certify Panella's *Napue* claim for our review, but, because the parties both briefed the claim, we now expand the certificate of appealability. 9th Cir. R. 22-1(e).

The district court correctly concluded that Panella has not shown that the state court's denial of Panella's habeas petition based on prosecutorial misconduct was "contrary to, or involved an unreasonable application of" Supreme Court law or that it "was based on an unreasonable determination of the facts." 28 U.S.C.

§ 2254(d). The state court concluded that Panella's *Brady* claim failed because Panella had not produced any evidence that the prosecution promised or suggested leniency in exchange for the witnesses' testimony. Likewise, the state court determined that Panella's *Napue* claim failed because he had not produced any evidence that the prosecution knew at the time of trial that the witnesses lied when they testified that they did not expect leniency. *See United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (stating that *Napue* claim includes the following elements: "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material."). As the district court found, Panella has not offered any evidence or Supreme Court law demonstrating that the state court's "ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–787 (2011).

Nor can we conclude that the district court abused its discretion in denying Panella an evidentiary hearing on his prosecutorial misconduct claim. The state court held, and the district court agreed, that Panella's prosecutorial misconduct claims would not, if proven, have been material to the outcome of his trial given the quantity of independent evidence demonstrating Panella's guilt. *See United*

*States v. Bagley*, 473 U.S. 667, 678 (1985) (*Brady* materiality); *United States v. Agurs*, 427 U.S. 97, 103 (1976) (*Napue* materiality). Since a habeas petitioner is not entitled to an evidentiary hearing unless he has "'alleged facts that, if proven, would entitle him to habeas relief,'" *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) (quoting *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004)), the district court did not abuse its discretion by concluding that Panella's inability to demonstrate materiality rendered an evidentiary hearing unnecessary. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so.").

Second, Panella claims juror misconduct, committed when the foreperson coerced another juror into changing her verdict, warrants reversal of his conviction. The state court found as a factual matter that the foreperson did not physically coerce the juror to change her verdict. Without the element of physical coercion, the state court determined that the allegations in the affidavit described no more than permissible "heated discussions that naturally occur at times during jury deliberations." The record supports the state court's factual finding, *see* 28 U.S.C. § 2254(d)(2), and Panella has not pointed to any clearly established Supreme Court law holding that a jury verdict influenced by harassment but not coercion violates

4

due process, *see* 28 U.S.C. § 2254(d)(1). We therefore agree with the district court that Panella's claim for habeas relief must be denied.

Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing on Panella's juror misconduct claim because the state court assumed the truth of Panella's factual allegations before correctly ruling that no constitutional error had occurred. *See Earp*, 431 F.3d at 1167 (holding that petitioner must establish "colorable claim for relief" before being entitled to evidentiary hearing). *Cf. Pinholster*, 131 S.Ct at 1412 (Breyer, J., concurring in part) (noting that where the state court assumed a habeas petitioner's facts but unreasonably found those facts did not violate federal law, a hearing in federal court might be required).

**AFFIRMED.**